UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIE WALLACE,
    Plaintiff,

  v.                CIVIL ACTION NO. 14-14767-GAO

SHERIFF FRANK COUSINS JR., ET AL.,
    Defendants.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

BACKGROUND

On December 31, 2014, Willie Wallace ("Wallace"), a pretrial detainee at the Essex County Correctional Facility ("ECCF"), filed the instant action against 14 defendants.[1] He alleged that ECCF supervisors, officers and various medical health care providers were deliberately indifferent to his serious medical needs. He also asserted unrelated claims regarding retaliatory transfers, inadequate law library access, and failure to provide weekly religious services.

On July 31, 2015, this Court issued a Memorandum and Order (Docket No. 6) outlining the various legal impediments to his claims.[2] In particular, this Court found that Wallace failed to set forth his deliberate indifference claims under 42 U.S.C. § 1983 in accordance with Rule 8

---

[1]These defendants included: (1) ECCF Sheriff Frank Cousins, Jr.; (2) ECCF Superintendent Michael Marks; (3) ECCF Lt. Heath Carafa; (4) ECCF Sgt. Greg Turner; (5) Naphcare Corp.; (6) ECCF employee Ms. Amy Gordon; (7) ECCF Nurse Jane Doe; (8) ECCF Nurse Jane Doe 2; (9) ECCF Seg. Officer 1; (10) ECCF Seg. Officer John Doe 2; (11) Norfolk County Jail Superintendent Gerard Horgan; (12) Norfolk County Sheriff; (13) Suffolk County Sheriff; and (14) Nashua Street Jail Superintendent Sumpter.

[2]The Memorandum and Order sets forth the background and allegations in detail, and is incorporated herein by reference.

of the Federal Rules of Civil Procedure with respect to defendants Amy Gordon, Nurse Jane Doe, and Nurse Jane Doe 2.  Additionally, this Court found that Wallace's § 1983 claims against defendants Sheriff Cousins, Norfolk County Sheriff, Suffolk County Sheriff, Superintendent Marks, Superintendent  Horgan, and Superintendent Sumpter were not cognizable because there is no § 1983 liability under the theory of *respondeat superior*.

Next, this Court noted that Wallace's claims based on the alleged filing of false disciplinary reports by defendants Sgt. Turner and Lt. Carafa did not present constitutional violations.  Similarly, Wallace's claims against ECCF, Norfolk County Jail, or the Suffolk County Jail, based on inadequate grievance procedures, did not present constitutional violations.  With respect to Wallace's claims based on lack of law library access, this Court found that he failed to set forth a plausible claim because he had not alleged that he suffered an actual injury.

In light of the impediments, Wallace's claims were limited to: (1) deliberate indifference by Sgt. Turner, Lt. Carafa, Seg. Officer 1 and Seg. Officer 2; (2) use of excessive force by Sgt. Turner; (3) retaliatory transfers; (4) failure to provide religious services, and (5) failure to provide law library access (construed as a lack of access to the courts claim).   Nevertheless, the issue of joinder of these unrelated claims needed to be addressed before this action could proceed.  This Court determined that, pursuant to Rules 18(a) and  20(a)(2) of the Federal Rules of Civil Procedure, Wallace could not join his unrelated claims into one civil action.  Accordingly, this Court considered that his claims of retaliatory transfer and lack of law library access/lack of religious services should be severed from the instant action alleging deliberate indifference and excessive force by Sgt. Turner.  If Wallace wished to purse those severed claims, he was required to submit a new Complaint, along with payment of the filing fee or a Motion for Leave to Proceed *in forma pauperis*.

As an additional matter, Wallace was directed to demonstrate good cause why his claims should not be severed, and why his claims against Naphcare, Nurse Janet, Nurse Jane Doe 1, Ms. Amy Gordon, and Sheriff Cousins should not be dismissed.

On August 24, 2015, Wallace filed an Amended Complaint (Docket No. 8), a Motion for Order to Essex County Correctional Facility to Produce Certified Copy of Plaintiff's Commissary Account For the Past Six Months (Docket No. 9), a document entitled "Claims for False Disciplinary Procedures and Inadequate Medical Grievance Process Should Not Be Dismissed" (Docket No. 10), an Opposition to Dismissal of Defendants (Docket No. 11), and a Motion for Leave to Proceed *in forma pauperis* (Docket No. 12) with an attached Resident Summary Account (Docket No. 12-1).

On October 22, 2105, this Court issued an Electronic Order finding as moot Wallace's Motion for Order to Essex County Correctional Facility to Produce Certified Copy of Plaintiff's Commissary Account For the Past Six Months. This Court also granted Wallace's Motion for Leave to Proceed *in forma pauperis*.

DISCUSSION

I. Assessment of Plaintiff's Filing Fee Obligations

Although this Court previously allowed Wallace leave to proceed *in forma pauperis*, no initial partial filing fee assessment was made at that time. Because Wallace is a prisoner as defined by 28 U.S.C. § 1915(h) (which includes pretrial detainees), he may not obtain a complete waiver of the filing and administrative fees of the Court; rather, he is obligated to pay the filing fee in installments pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 (the *in forma pauperis* statute).

Accordingly, Wallace is hereby Ordered to pay the fees as follows.

3

> A. Wallace is assessed an initial partial filing fee of $31.84, pursuant to 28 U.S.C. § 1915(b)(1)(A);[3] and
>
> B. The remainder of the fee $318.16 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

The Clerk shall send the Treasurer's Office at ECCF a copy of this Memorandum and Order to facilitate payments to this Court. For purposes of record-keeping for ECCF and this Court, Wallace's filing fee payments shall be collected consecutively (not concurrently) with any previously-Ordered assessment.

II.  The Amended Complaint and Opposition to Dismissal; Dismissal of Certain Claims

Wallace's Amended Complaint adds three new defendants: (1) Nurse Janice, an employee of Naphcare Corp.; (2) ECCF Disciplinary Officer David Fortune; and (3) ECCF Sgt. Lane. He also includes the original defendants, Sheriff Cousins, Superintendent Marks, Lt. Heath Carafa, Sgt. Greg Turner, Naphcare Corp., Amy Gordon, Nurse Jane Doe, and Nurse Jane Doe 2. He does not include originally-named defendants Norfolk County Jail Superintendent Gerard Horgan, Norfolk County Sheriff, Suffolk County Sheriff, and the Nashua Street Jail Superintendent Sumpter. The Court presumes that Wallace has withdrawn his claims against these defendants based on the joinder issues discussed in the prior Memorandum and Order. In light of this, all Wallace's claims against these defendants will be DISMISSED from this case,

---

[3]Wallace is not assessed the $50.00 administrative fee because he is proceeding *in forma pauperis*. The initial partial assessment represents 20% of the average monthly deposits in Wallace's prison account as reflected in his prison account statement for the period of January to June, 2015. This calculation was manually prepared based on the prison account statement submitted and is made without prejudice to Wallace seeking reconsideration based on certified account information in accordance with the formula set forth in 28 U.S.C. § 1915(b). Further, the initial partial assessment is made regardless of whether or not Wallace currently has sufficient funds in his prison account to pay. The *in forma pauperis* statute requires the initial partial filing fee be assessed, but collection to occur "when funds exist." 28 U.S.C. § 1915(b)(1).

and these defendants shall be terminated from the Court docket.

Wallace essentially reiterates his allegations with respect to the ECCF defendants, and adds additional details. For example, he alleges that Sgt. Turner kicked him to the ground and permitted 50-60 inmates to step over him, and that he failed to radio in a medical emergency. With respect to the new claims, he alleges that Sgt. Lane picked him up from the floor, and failed to review the evidence before finding him guilty and imposing sanctions on him. He also alleges that Nurse Janice was aware of his swollen face and his cries of pain, yet told the officers that there was no severity in Wallace's medical condition. Further, he contends that Disciplinary Officer David Fortune did not afford him a disciplinary hearing in accordance with the due process protections outlined in <u>Wolf v. McDonnell</u>, 418 U.S. 539 (1974).

Next, with respect to defendant Amy Gordon, however, Wallace simply contends that she responded to his October, 2014 grievance, but does not assert any underlying facts to support a claim of deliberate indifference by her. As an additional matter, Wallace does not include originally-named defendants Seg. Officers 1 and 2. Nevertheless, in his Opposition to Dismissal of Defendants (Docket No. 11), Wallace includes allegations of deliberate indifference to his serious medical needs by Seg. Officers 1 and 2 due to their inaction to his pleas for medical attention. In that Opposition, he also contends that Sheriff Cousins, Naphcare Corp., Amy Gordon, Nurses Jane Doe #1 and #2, Superintendent Marks, Sgt. Turner, and Lt. Carafa were all made aware of his medical condition and failed to assist plaintiff to obtain adequate medical care. Finally, Wallace alleges that Naphcare, Corp. contracted with ECCF to provide adequate medical care to prisoners and pretrial detainees, and thus the Fourteenth Amendment applies. He also baldly alleges there should be written policies in place to provide emergency health care

upon intake. Presumably, Wallace submits these allegations as a way to impose liability where this Court previously noted the lack of *respondeat superior* liability under § 1983. With respect to this defendant, this Court finds that Wallace's allegations are insufficient to demonstrate any liability under § 1983 for the alleged deliberate indifference of its medical staff, nor has he asserted any other plausible basis for liability.[4] The fact that Naphcare Corp. contracted with ECCF to provide medical services to inmates does not alter the conclusion that no plausible claims upon which relief may be granted have been pled sufficiently.

Accordingly, Wallace's claims against Naphcare Corp. will be DISMISSED.

III.     The Claim for False Disciplinary Procedures and Inadequate Medical Grievances

Wallace's "Claim for False Disciplinary Procedures and Inadequate Medical Grievances" is construed as an attempt to show cause, *inter alia*, why his constitutional claims of false disciplinary reports by Sgt. Turner and Lt. Carafa should not be dismissed. First, he alleges that he did not receive a disciplinary hearing in accordance with Wolf, *supra* in which to challenge the allegedly false disciplinary reports because he was not allowed to call witnesses or present evidence nor was he granted a hearing. Second, Wallace cites to Orwat v. Maloney, 360 F. Supp. 2d 146 (D. Mass. 2005)(Civil Action No. 02-10409-WGY) for the proposition that false testimony by an officer, made with knowledge that it would lead to disciplinary confinement, could constitute the tort of intentional infliction of emotional distress. The Court construes this as Wallace's attempt to assert state tort claims against Sgt. Turner and Lt. Carafa under its supplemental jurisdiction.

---

[4]Wallace has not set forth any plausible state law claims in accordance with Rule 8 of the Federal Rules of Civil Procedure, and this Court will not presume or fashion any. Since Wallace already has been afforded an opportunity to amend his complaint to assert plausible claims, no further opportunities to do so are warranted.

IV.   Treatment of Wallace's Pleadings Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure

Although, as noted above, Wallace's Amended Complaint does not incorporate all of his claims nor identify all intended defendants, based on the totality of the circumstances and the fact that Wallace filed his three pleadings (Docket Nos. 8, 10 and 11) on the same day, this Court will construe his "Claims for False Disciplinary Procedures and Inadequate Medical Grievance Process Should Not Be Dismissed" (Docket No. 10), and his "Opposition to Dismissal of Defendants" (Docket No. 11), as part of his Amended Complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (providing that the court may give leave to amend freely when justice so requires).[5]  The Court considers this to be the best approach to manage this case and does not unduly prejudice the defendants as they may file a Rule 12(e) motion or some other motion if appropriate.

V.   Order for Summonses to Issue and Service by the U.S. Marshal Service

Although Wallace's deliberate indifference claims are thin with respect to setting forth facts demonstrating the requisite intent for a deliberate indifference claim, this Court will permit this action to proceed against the following defendants: (1) ECCF Sheriff Frank Cousins, Jr.; (2) ECCF Superintendent Michael Marks; (3) ECCF Lt. Heath Carafa; (4) ECCF Sgt. Greg Turner; (5) ECCF employee Ms. Amy Gordon; (6) ECCF Nurse Jane Doe; (7) ECCF Nurse Jane Doe 2; (8) ECCF Seg. Officer 1; (9) ECCF Seg. Officer John Doe 2; (10) Nurse Janice, an employee of Naphcare Corp.; (11) ECCF Disciplinary Officer David Fortune; and (12) ECCF Sgt. Lane.  The Court also will permit the claims based on excessive force, false disciplinary reports and

---

[5]Thus, this Court will consider the claims against Seg. Officers 1 and 2, and the claims for intentional infliction of emotional distress, as discussed herein.

inadequate disciplinary hearing, and intentional infliction of emotional distress.

Accordingly, the Clerk will be directed to issue summonses as to these defendants, and, since Wallace is proceeding *in forma pauperis*, he may elect to have service made by the United States Marshal Service, as set forth below.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's filing fee obligations are assessed pursuant to 28 U.S.C. § 1915(b);

2. All of plaintiff's claims against defendants Norfolk County Jail Superintendent Gerard Horgan, Norfolk County Sheriff, Suffolk County Sheriff, and Nashua Street Jail Superintendent Sumpter are <u>DISMISSED</u> without prejudice, and these defendants shall be terminated from the Court docket;[6]

3. Plaintiff's claims against Naphcare Corp. are <u>DISMISSED</u> and this defendant shall be terminated from the Court's dockets;

4. The operative pleadings in this action are: (a) the Amended Complaint (Docket No. 8); (b) the Claims for False Disciplinary Procedures (Docket No. 10) and the Opposition to Dismissal of Defendants (Docket No. 11);

5. The Clerk shall issue summonses with respect to defendants: (1) ECCF Sheriff Frank Cousins, Jr.; (2) ECCF Superintendent Michael Marks; (3) ECCF Lt. Heath Carafa; (4) ECCF Sgt. Greg Turner; (5) ECCF employee Ms. Amy Gordon; (6) ECCF Nurse Jane Doe; (7) ECCF Nurse Jane Doe 2; (8) ECCF Seg. Officer 1; (9) ECCF Seg. Officer John Doe 2; (10) Nurse Janice, an employee of Naphcare Corp.; (11) ECCF Disciplinary Officer David Fortune; and (12) ECCF Sgt. Lane;

6. Plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons, the Amended Complaint (as comprised of Docket Nos. 8, 10, and 11), and this Memorandum and Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. It is plaintiff's responsibility to provide the necessary service information to the United States Marshal Service; and

7.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 120 days

---

[6]The dismissal of the claims against certain defendants is not intended to constitute a separate and final judgment.

from the date of this Memorandum and Order to complete service.


SO ORDERED.                                        /s/ George A. O'Toole, Jr.
                                                   GEORGE A. O'TOOLE, JR.
                                                   UNITED STATES DISTRICT JUDGE


DATED: November 10, 2015